This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                       **NO. 29,573**

**ANGELO TAPIA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**John W. Pope, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Darrell M. Allen
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant appeals pursuant to a conditional plea reserving his right to appeal the denial of his motion to suppress. We proposed to reverse the denial in a calendar notice, and the State responded with a memorandum in opposition. We have considered the State's arguments, but we are not persuaded that our proposed disposition is incorrect. We therefore reverse.

In our calendar notice, we discussed the pat-down search of Defendant. The officer's protective search for weapons was supported by the officer's observations. However, we proposed to hold that the officer could not remove the soft baggies from Defendant's pockets during the protective search for weapons. In response, the State argues that the officer first felt a hard object in Defendant's pocket, asked Defendant what the object was, and Defendant identified the object. The State does not explain what the hard object was and does not suggest that the officer was concerned that the object might be a weapon. As discussed in our calendar notice, our cases require that a protective search be limited to what is necessary to discover weapons that may be used to harm the officer or others nearby, and an officer may "remove a hard object if by touch the officer remains uncertain as to whether the object might be a weapon." *See State v. Barragan,* 2001-NMCA-086, ¶ 14, 131 N.M. 281, 34 P.2d 1157.

Otherwise, the officer may not seize items that would not reasonably be considered weapons or potential weapons. *State v. Ochoa*, 2004-NMSC-023, ¶ 8, 135 N.M. 781, 93 P.3d 1286.

In this case, although the officer felt a hard object, there is nothing to show that he was concerned that the object was a weapon. The officer then felt a "soft bulge" and asked Defendant about the item. This was beyond the scope of a protective search where the purpose of a protective pat-down search is to look for weapons or items that could reasonably be considered weapons or potential weapons. The officer was not permitted to search for or retrieve items that would not reasonably be considered weapons. The evidence seized by the officer should have been suppressed. We note that the State cites to a Florida case in support of reversal. However, the case referred to by the State did not involve a protective search or the more restrictive standard applied to protective searches.

For the reasons discussed above and in our second calendar notice, we reverse the denial of Defendant's motion to suppress.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**


_____

**LINDA M. VANZI, Judge**